UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LISA ANN ACIERNO,

       Plaintiff,

v.                                                                      CASE NO. 8:22-cv-2961-KKM-MCR

ACTING COMMISIONER
OF THE SOCIAL SECURITY
ADMINISTRATION,

       Defendant.

_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Unopposed Motion for

an Award of Attorney's Fees and Costs under the Equal Access to Justice Act

("Motion") (Doc. 17).   In the Motion, Plaintiff makes a timely request for an

award of $6,712.92 in attorney's fees pursuant to Section 2412(d) of the Equal

Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and costs of $402.00 for

the filing fee pursuant to 28 U.S.C. § 2412(a)(1).   (*Id.*)   For the reasons

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations."   Fed.R.Civ.P. 72(b)(2).   "A party may respond to another party's objections within 14 days after being served with a copy."   *Id.*   A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made.   *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

stated herein, the undersigned **RECOMMENDS** that the Motion be

**GRANTED**.

EAJA sets forth the following requirements for the award of fees and

costs:

> (a)(1) Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States . . . in any court having jurisdiction of such action.   A judgment for costs when taxed against the United States shall, in an amount established by statute, court rule, or order, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation.
> . . .
> (d)(1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412.   In addition, EAJA limits the parties eligible to recover

fees to those "whose net worth did not exceed $2,000,000 at the time the civil

action was filed."   28 U.S.C. § 2412(d)(2)(B).

Plaintiff, having obtained a sentence four reversal of a denial of

benefits and remand, is a "prevailing party."   *Shalala v. Schaefer*, 509 U.S.

292, 300-02 (1993).   In light of the lack of opposition to the fees sought, the Court will not find that Defendant's position was substantially justified. Moreover, there are no special circumstances which would make the award unjust.   In addition, Plaintiff states that her net worth at the time this proceeding was filed was less than two million dollars.   (Doc. 17 at 2.) Thus, an award of attorney's fees under EAJA is appropriate.

In regard to the amount of attorney's fees to be awarded, EAJA requires that the fees be "reasonable."   28 U.S.C. § 2412(d)(2)(A).   In explanation of this standard, EAJA reads:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished . . . [and] attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

*Id.*

The Motion reflects that Plaintiff's attorney's hourly rate was $231.48 for work performed in 2022-2023.   (Doc. 17 at 8.)   As this rate is higher than the statutory maximum, Plaintiff's attorney is seeking a cost-of-living adjustment.   Defendant does not object to the requested rate.   In light of the lack of opposition, the Court finds the hourly rate reasonable and the

cost-of-living adjustment warranted.[2]   The Court also finds reasonable the number of hours for which Plaintiff's attorney seeks compensation.   (*See id.* ("In an exercise of billing discretion, Plaintiff will seek EAJA compensation for only 29.0 of the actual 32.9 hours expended winning this appeal.").)   The Court thus finds that $6,712.92 (29.00 hours x $231.48 hourly rate) is a reasonable amount for attorney's fees in this case.   The Court further finds that costs in the amount of $402.00 for the filing of the Complaint are recoverable pursuant to 28 U.S.C. § 2412(a)(1).

The parties agree that after the Court awards EAJA fees to Plaintiff, the Commissioner will determine whether Plaintiff owes a debt to the Government.   (Doc. 17 at 4.)   If the United States Department of the Treasury determines that Plaintiff does not owe such a debt, the government will accept Plaintiff's assignment of EAJA fees and pay those fees directly to Plaintiff's counsel.   (*Id.*)

Accordingly, it is **RECOMMENDED**:

1.      The Motion (**Doc. 17**) be **GRANTED**.

2.      The Clerk of Court be directed to enter judgment in favor of Plaintiff and against Defendant in the amount of $6,712.92 for attorney's fees

---

[2] Were the hourly rate contested, the Court's determination regarding the reasonableness of the rate might be different.

and $402.00 for costs.

      3.     The Commissioner be directed to determine whether Plaintiff

owes a debt to the government, and if the United States Department of the

Treasury determines that Plaintiff does not owe such a debt, the government

be directed to accept Plaintiff's assignment of EAJA fees and pay the fees

directly to Plaintiff's counsel.[3]

      **DONE AND ENTERED** at Jacksonville, Florida, on August 17, 2023.

                MONTE C. RICHARDSON
                UNITED STATES MAGISTRATE JUDGE

Copies to:

The Hon. Kathryn Kimball Mizelle
United States District Judge

Counsel of Record

---

[3] Alternatively, the Court may leave it to the discretion of the Commissioner to determine whether to honor Plaintiff's assignment of EAJA fees.   *See Astrue v. Ratliff*, 130 S. Ct. 2521, 2524 (2010); *Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir. 2008).